UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TANYA TAYLOR,<br><br>        Plaintiff,<br><br>v.<br><br>BANK OF AMERICA MERCHANT SERVICES,<br><br>        Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT AT LAW

Plaintiff, Tanya Taylor ("Taylor"), by and through her attorneys, Caffarelli & Associates Ltd., for her Complaint at Law against Defendant, Bank of America Merchant Services, states as follows:

### NATURE OF THE ACTION

1. This is an action for damages and injunctive relief against Bank of America Merchant Services ("BAMS") for violations of the employee protection provisions of the Consumer Financial Protection Act of 2010, Section 1057 of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("CFPA"). 12 U.S.C. § 5567, *et seq*. Specifically, Ms. Taylor alleges that she was unlawfully disciplined, given a negative performance evaluation, terminated, and denied compensation in retaliation for complaining about, and refusing to participate in what she reasonably believed to be unlawful activities. Plaintiff also asserts a State law cause of action under Illinois common law for retaliatory discharge.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction over all counts within this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 12 U.S.C. § 5567(c)(1) and (c)(4)(D)(i) (right to

civil action under CFPA). This Court has supplemental jurisdiction of Plaintiff's Illinois state law claim pursuant to 28 U.S.C. § 1367.

3. The unlawful employment practices described herein were committed within the State of Illinois at Plaintiff's final work location in Libertyville, Lake County, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

4. On September 18, 2017, Plaintiff filed a complaint with the U.S. Department of Labor, Occupational Safety and Health Administration ("OSHA") pursuant to 12 U.S.C. § 5567(c)(1).

5. On January 15, 2019, OSHA issued notice that it had concluded its investigation and dismissed Plaintiff's complaint.

6. Plaintiff filed this Complaint within 90 days of OSHA's finding; therefore, Plaintiff has satisfied all conditions precedent to pursuing her claim under the CFPA.

**PARTIES**

7. Plaintiff worked as the VP, Regional Sales Manager for Defendant from in or about May 2015 until April 11, 2017.

8. At the time of her separation from employment, Plaintiff worked remotely for Defendant. Her primary worksite was in Libertyville, Lake County, Illinois.

9. BAMS is a financial institution and subsidiary of Bank of America ("BofA") that provides credit card services throughout the United States, including within the State of Illinois. BAMS is headquartered in Charlotte, North Carolina.

**FACTUAL ALLEGATIONS**

10. Defendant employed Plaintiff as the VP, Regional Sales Manager from in or about May 2015 through her termination on April 11, 2017.

2

11. Throughout her employment with BAMS, Taylor performed her job satisfactorily and up to the reasonable expectations of Defendant.

12. BofA bankers sent client referrals to BAMS to bundle and sell financial services, such as credit card processing. Taylor and her team were then expected to contact these clients in order to arrange for and provide them with additional BAMS or BofA products. The BofA bankers were incentivized with bonuses to create product bundles. For example, bankers could offer potential clients a promotion of $1,500 to open a checking account, business credit card, and merchant account. The account would then be referred to BAMS to pursue and process credit and merchant accounts.

13. However, during the course of her employment, Taylor discovered that many of the client referrals from BofA were illegitimate and/or unlawful. Again by way of example, BofA failed to give clients the proper disclosures, which resulted in the client being unaware of what products they had signed up for, the client had not requested certain products, the client had not agreed to purchase certain products, and/or the client had not been informed of the fees associated with the products.

14. On or about February 6, 2017, Taylor attended a meeting with multiple BofA Small Business leaders. During the meeting, Taylor complained about the number of illegitimate referrals she and her team were receiving from the BofA bankers. That is, she informed BofA that many of their referrals were improper including clients that were recycled, duplicates, existing clients that were unqualified, and/or had been marked with the condition "do not contact".

15. On February 8, 2017, Taylor's supervisor at BAMS, Micah Shawn ("Shawn"), disciplined Taylor by issuing her a 60 day "Action Plan" due to her reporting of the illegitimate

and/or unlawful referrals to BofA on February 6, 2017. The Action Plan specified that her meeting with BofA had damaged their relationship and her brand, as well as calling her conduct at the February 6 meeting to be "accusatory" and "combative," which would then prevent the BofA bankers from meeting their goals.

16. Prior to this Action Plan, Taylor had not been disciplined or received a negative performance review, but had only received positive performance reviews.

17. Taylor disputed the nature of the discipline and the characterization of her meeting with the BofA representatives and reiterated her reasonable belief that BofA was sending her team illegitimate referrals to clients who did not want or ask for the products and services of BAMs and, therefore, could not be pursued.

18. On March 22, 2017, Taylor met with the Small Business Senior VP for BofA. Prior to the meeting, Shawn cautioned Taylor that she could not say again that the referrals were illegitimate.

19. Due to the fact that Taylor's team would not pursue the illegitimate referrals, the BofA bankers were not all meeting their performance goals. The Small Business Senior VP for BofA insisted on knowing what Taylor would do to make sure BofA's bankers meet their goals.

20. Taylor continued to refuse to pursue the illegitimate and unethical referrals or instruct her team to do so.

21. On April 11, 2017, Shawn terminated Taylor's employment. Shawn did not provide a reason for the termination.

22. The same day, Taylor contacted Lisa Wideman, a BAMS Human Resources Manager, regarding her 2016 Special Incentive Plan. Under the Special Incentive Plan, Taylor was to be paid a $20,400 bonus over a three-year period for meeting certain performance goals.

BAMS paid Taylor $6,800 of the bonus in March of 2017. Taylor had exceeded her goals; therefore, she was owed the balance. However, on April 17, 2017, Wideman informed Taylor that she should not have received the March 2017 payment and would not receive the remaining payments because Taylor purportedly did not make sufficient progress on her Action Plan, which, Wideman stated, resulted in Taylor's termination.

23. BAMS stated reason for Taylor's termination was pretextual. BAMS disciplined and terminated Taylor in retaliation for objecting to, reporting, and refusing to engage in activities that she reasonably believed were unlawful and/or in violation of a clearly mandated public policy of Illinois.

## COUNT I
## CONSUMER FINANCIAL PROTECTION ACT – RETALIATION

24. Plaintiff restates and incorporates Paragraphs 1 through 23 as though fully set forth herein.

25. The CFPA prohibits retaliation against an employee who objects to, refuses to participate in, and/or reports an action or task that the employee reasonably believes to be a violation of any law, rule or order within the jurisdiction of the Consumer Financial Protection Bureau.

26. The CFPA provides protections to ensure that consumers are provided with timely and understandable information to make responsible decisions about financial transactions, and consumers are protected from unfair, deceptive, or abusive acts and practices and from discrimination, among other things.

27. Ms. Taylor was disciplined, put on an Action Plan, terminated, and denied her earned bonus because she objected to, complained about, and refused to participate in, what she

reasonably believed to be unlawful activities in violation of the CFPA and/or Truth in Lending Act ("TILA").

WHEREFORE, Plaintiff, Tanya Taylor, respectfully requests that this Court enter an order as follows:

a. Declaring that the acts and practices by Defendant, as described herein, constitution a violation of Dodd-Frank;

b. Enjoining and permanently restraining these violations of Dodd-Frank;

c. Awarding Plaintiff back wages, front pay and lost benefits due to Defendant's violations of Dodd-Frank;

d. An order expunging Plaintiff's record of any related discipline and termination;

e. Compensatory damages;

f. Exemplary damages as permitted by as permitted by law, in an amount sufficient to deter Defendant from future violations of the law;

g. Reasonable attorney's fees and costs incurred by Plaintiff in connection with the instant action; and

h. Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

## COUNT II
## RETALIATORY DISCHARGE IN VIOLATION OF PUBLIC POLICY

28. Plaintiff restates and incorporates Paragraphs 1 through 23 as though fully set forth herein.

29. In the course of her employment with Defendant, Plaintiff observed conduct that she believed in good faith to be deceptive and misleading to consumers. Plaintiff reasonably and in good faith believed these activities contravened clearly mandated public policy and/or violated federal law, specifically the CFPA and Truth in Lending Act.

6

30. Plaintiff refused to engage in and reported activities to Defendant that she believed in good faith to be in violation of federal law, specifically the CFPA and Truth in Lending Act.

31. Plaintiff reported and refused to engage in conduct that she believed in reasonably and in good faith violated a clearly mandated public policy. Specifically, Illinois has a clearly mandated public policy against deceptive business practices. The Illinois Consumer Fraud and Deceptive Practices Act demonstrates that Illinois has clearly mandated public policy against "the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with the intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of the "Uniform Deceptive Trade Practices Act"…in the conduct of any trade or commerce." 815 Ill. Comp. Stat. § 505/2

32. Defendant discharged Plaintiff in retaliation for reporting and refusing to engage in conduct which she believed to be a violation of law and in contravention of a clearly mandated public policy.

WHEREFORE, Plaintiff, Tanya Taylor, respectfully requests that this Court enter an order as follows:

    A. Awarding lost wages;

    B. Awarding front pay;

    C. Awarding prejudgment interest;

    D. Awarding compensatory damages;

    E. Awarding punitive damages;

    F. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

      G.  Awarding Plaintiff such further and additional relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: April 12, 2019 | Respectfully submitted,<br>TANYA TAYLOR |
| Alejandro Caffarelli, #06239078<br>Lorrie T. Peeters, #06290434<br>Alexis D. Martin, #06309619<br>Caffarelli & Associates, Ltd.<br>224 S. Michigan Ave., Suite 300<br>Chicago, Illinois 60604<br>Tel. (312) 763-6880 | By: /s/ Alexis D. Martin<br>     Attorney for Plaintiff |

**Plaintiff hereby requests a jury on all issues so triable**